UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAHEN KOCHARYAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:11-cv-01015-GMN-VCF |
| ) | |
| NEVADA CHECKER CAB ) | **ORDER** |
| CORPORATION; NEVADA YELLOW ) | |
| CAB CORPORATION; and NEVADA ) | |
| STAR CAB CORPORATION; et al., ) | |
| ) | |
| Defendants. ) | |

This is an employment discrimination action arising out of Plaintiff Shahen Kocharyan's employment with Defendants Nevada Checker Cab Corporation ("Checker Cab"), Nevada Yellow Cab Corporation ("Yellow Cab"), and Nevada Star Cab Corporation ("Star Cab") (collectively, "Defendants"). Pending before the Court is Defendants' Motion to Dismiss Fifth Cause of Action – Retaliation (ECF No. 11). Plaintiff filed a Response (ECF No. 13) and Defendants filed a Reply (ECF No. 14). For the reasons discussed below, the Court finds that the Motion should be granted.

**I. BACKGROUND**

Plaintiff worked as a taxi driver for Defendants from October 2001 through March 2010, when he was terminated on his 61st birthday. (Compl., 4:¶15, 5:¶29, 3:¶10.)

Over six months later, on October 26, 2010, Plaintiff filed a Charge of Discrimination with the Nevada Equal Rights Commission (NERC). (NERC Charge of Discrimination, Ex. A2 to Defs.' Mot. to Dismiss, ECF No. 11.) Plaintiff also filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), under the Age Discrimination in Employment Act (ADEA). (EEOC Notice of Charge of

Discrimination, Ex. A1 to Defs.' Mot. to Dismiss, ECF No. 11.)  Attached to Plaintiff's Complaint is the Notice of Right to Sue issued by the EEOC in April 2011, relating to Plaintiff's Charge No. 487-2011-00059. (Notice of Right to Sue, ECF No. 1-1.)  Attached to Plaintiff's Response to the Motion to Dismiss is the Charge Questionnaire for Charge No. 487-2011-00059 that Plaintiff submitted to the EEOC in October 2010. (Charge Questionnaire, Ex. 1 to Pl.'s Resp. to Mot. to Dismiss, ECF No. 13.)

On June 21, 2011, Plaintiff filed a Complaint against Defendants alleging seven causes of action for age discrimination and retaliation, including a cause of action for retaliation in violation of 42 U.S.C. § 2000e-3[1]. (Compl., 10-11:¶¶66-75, ECF No. 1.) Plaintiff alleges that although his termination was based on his involvement in a car accident while on duty in late February 2010, "[t]he termination was not due to the incident but rather in retaliation for [his] complaints of disparate treatment, refusal to break the law, as well as his demand that [Defendants] adhere to his employee rights." (*Id.* at 5:¶¶28-30.)

Under his retaliation cause of action, Plaintiff alleges that "[he] expressed his concerns about the disparate treatment, the harassing conduct, the request to violate the law and the denial of his seniority benefits." (Compl., 10:¶68.)  Plaintiff does not specify to whom he expressed his concerns or on what date he did so.  Although Plaintiff alleges that "[he] filed an age discrimination charge with the U.S. EEOC of which [Defendants]

---

[1] Subsection (a) of this section provides:
**(a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings.**  It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

1  are well aware," he does not specify when Defendants became aware of this charge, and
2  the attached Notice of Right to Sue bears the date April 29, 2011. (*Id*. at 11:¶73; Notice
3  of Right to Sue, ECF No. 1-1.)  Plaintiff also alleges that "[a]fter receiving notice of
4  [Plaintiff]'s complaints, [Defendants and their supervisors, agents and employees]
5  engaged in discriminatory and retaliatory conduct by constantly harassing [Plaintiff]
6  about low-booking." (Compl., 10:¶69.)  Plaintiff does not specify when Defendants
7  received notice of his complaints, nor does he explain the circumstances or the substance
8  of the complaints.

9        Plaintiff also alleges that "[Defendants] engaged in malicious and retaliatory
10 conduct by subsequently reporting to other cab companies, interested in hiring [Plaintiff],
11 that Plaintiff was a bad driver." (*Id*. at 10:¶70.)  Plaintiff  also alleges that "[Defendants]
12 retaliated against [Plaintiff] through the termination and subsequent characterization of
13 his work ethic, employment, and driving skills after he stated his concerns regarding
14 [Defendants'] unlawful requests and violation of [Plaintiff's] rights." (*Id*. at 11:¶71.)  In
15 the "General Allegations" section of his Complaint, Plaintiff alleges that "[u]pon
16 information and belief, [Defendants are] reporting that [Plaintiff] is a bad driver to other
17 cab companies whom inquire about [Plaintiff] for possible employment," and that "[t]his
18 action is completely retaliatory and malicious considering the lack of evidence to support
19 these accusations and statements." (*Id*. at 6:¶33.)

20       Defendants filed the instant motion on August 1, 2011, challenging the Court's
21 jurisdiction for Plaintiff's claim of retaliation, and arguing that because Plaintiff failed to
22 exhaust his administrative remedies relating to his retaliation claim, the Court therefore
23 lacks subject matter jurisdiction over that claim.
24 ///
25 ///

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for "lack of subject-matter jurisdiction." "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

"With a factual Rule 12(b)(1) attack . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *Id*. "It also need not presume the truthfulness of the plaintiffs' allegations." *Id*. "With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction." *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005); *see also Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947) ("as a general rule the District Court would have authority to consider questions of jurisdiction on the basis of affidavits as well as the pleadings"); *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.").

"However, where . . . 'the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment.'" *Id*. (quoting *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987)).

### III. DISCUSSION

**A. Factual Findings**

Here, the Court finds that the jurisdictional issue and the substantive claims are not so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits. The only factual questions here involve Plaintiff's statements in his EEOC charge, and the parties do not appear to dispute the facts as to this issue. Therefore, the Court finds the following facts relating to the motion.

Plaintiff filled out a form titled "Equal Employment Opportunity Commission Intake Questionnaire" which is marked with the "Appt Date: 10/26," which appears to indicate the date October 26th. (EEOC Charge Questionnaire, 2:#4, Ex. 1 to Pl.'s Resp. to Mot. to Dismiss, ECF No. 13-1.) Plaintiff indicated that his date of birth is "03.01.49." (*Id.*) In response to the prompt "What is the reason (basis) for your claim of employment discrimination?" Plaintiff solely marked the box for "Age" discrimination and left all other boxes unmarked, including the box for "Retaliation." (*Id.* at 2:#4.) Also included in this prompt is an explanation that includes these sentences:

> *FOR EXAMPLE*, if you are over the age of 40 and feel you were treated worse than younger employees or you have other evidence of discrimination, you should check (✓) *AGE*. . . . If you complained about discrimination, participated in someone else's complaint or if you filed a charge of discrimination and a negative action was threatened or taken, you should check (✓) *RETALIATION*.

(*Id.*)

Next on the questionnaire is the prompt "What happened to you that you believe was discriminatory? Include the date(s) of harm, action(s) and include the name(s) and title(s) of the persons who you believe discriminated against you." (*Id.* at 2:#5.) Plaintiff's fill-in-the-blank answers to "Date:" and "Action:" list "TERMINATION BASED ON AGE DISCRIMINATION" and "3/1/10" as the date and actions constituting

the harm. (*Id.* at 2:#5(A).) On another line, Plaintiff also listed "EMPLOYER & SUPERVISOR BEGAN DISPARATELY TREATING ME BECAUSE OF MY AGE & SENIORITY WITH COMPANY" and "2008" as the date and actions constituting harm. (*Id.*at 2:#5(B).)

Finally, Plaintiff's statement in response to the prompt to "Describe any other actions you believe were discriminatory" is the following:

> OFTEN ACCUSED OF BEING "LOW BOOK", SUPERVISORS REQUESTED VIOLATE LAW BY TAKING PASSENGERS ON LONGER ROUTES, FAILED TO ADHERE & GIVE BENEFITS OF MY SENIORITY, CALLED ME SLOW, BAD DRIVER, ETC., GAVE ME VEHICLES THAT WERE OLD & RUN DOWN (200,000 MILES+) DESPITE MY OPTION & REQUESTS FOR NEW CARS SINCE SENIORITY ENTITLES ME TO IT, HAVE A SAFE & CLEAN RECORD OF DRIVING

(*Id.*)

**B. Analysis**

Title VII's antiretaliation provision prohibits an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

"Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). "Therefore '[i]ncidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.'" *Id.* (quoting *Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989)). "The jurisdictional scope of a Title VII claimant's court action depends upon the scope of

both the EEOC charge and the EEOC investigation." *Id.* (citing *Green*, 883 F.2d at 1476.).

A district court has subject matter jurisdiction over a plaintiff's claim if the "claim fell within the scope of the EEOC's *actual* investigation or an 'EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'" *EEOC v. Farmer Bros.*, 31 F.3d 891, 899 (9th Cir. 1994) (quoting *Sosa*, 920 F.2d at 1456). Under Ninth Circuit precedent, a court is required to construe a plaintiff's EEOC charge "with the utmost liberality." *Id.* (quoting *Kaplan v. Int'l Alliance of Theatrical & Stage Employees*, 525 F.2d 1354, 1359 (9th Cir. 1975)). "In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002).

The parties appear to concede that Plaintiff did not include incidents of retaliation in his EEOC charge, and the Court also makes this finding. Therefore, the remaining question before the Court is whether the retaliation claim alleged by Plaintiff in his Complaint fell within the scope of the EEOC's actual investigation or within the scope of an EEOC investigation which could reasonably be expected to grow out of Plaintiff's charge of age discrimination.

Defendants argue that Plaintiff's retaliation claim was outside the scope of the EEOC's investigation and was not "like or reasonably related to" his charge of age discrimination. (Mot. to Dismiss, 6:11-13.) Accordingly, Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's retaliation claim because Plaintiff failed to exhaust his administrative remedies, and that the claim must therefore be dismissed.

Plaintiff opposes Defendants' motion by arguing that Plaintiff has met the legal standard to survive dismissal for failure to state a claim. (*See* Pl.'s Resp. to Mot. to Dismiss, 5-6:§§III.A-IV.A., ECF No. 13.)

Despite arguing a different legal standard than the one under which Defendants' motion is brought, Plaintiff obliquely addresses the scope of the EEOC's investigation by arguing that his references to his termination, his employer's requests to break the law and his refusal to do so could reasonably be expected to generate an investigation into retaliation. (*Id.*) It is true that in the Charge Questionnaire, under the section "Describe any other actions you believe were discriminatory," Plaintiff wrote, "supervisors requested violate law by taking passengers on longer routes." And under the section "What happened to you that you believe was discriminatory?" Plaintiff did write "termination based on age discrimination" and the date "3/1/2010." However, Plaintiff did not mention his *refusal* to break the law in the Charge Questionnaire.

Plaintiff cites extensively to and bases his entire opposition on *Vasquez v. County of Los Angeles*, 349 F.3d 634 (9th Cir. 2003), in which the Ninth Circuit reviewed a district court's disposition of a summary judgment motion. In *Vasquez*, in order to determine subject matter jurisdiction over the plaintiff's retaliation claim, the court considered whether the employer's retaliatory acts fell under an investigation that the EEOC would have conducted based on plaintiff's EEOC charge. *Id.* at 645. The court held that "because [the plaintiff] did not present the legal theory of unlawful retaliation [in his charge], and the operative facts regarding this part of [the plaintiff's] claim were not related to the facts in the EEOC charge, [the plaintiff] did not exhaust his administrative remedies" and the court had no jurisdiction to hear the first part of the plaintiff's retaliation claim. *Id.* at 645 & n.39 (citing *Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir. 1981)).

However, the court also held that it did have jurisdiction to consider the second part of the plaintiff's retaliation claim regarding a grievance the plaintiff had filed with his employer, a detention facility run by the County of Los Angeles. *Id*. The court held that although the plaintiff's EEOC charge did not contain the relevant legal theory of retaliation for this part of the retaliation claim, the facts of this part of the claim were contained in the EEOC charge, and investigation of the EEOC charge would likely have revealed facts from which a claim of retaliation could have grown. *Id*.

Here, Plaintiff's EEOC charge does not support such a finding by the Court. Instead, the Court finds that the instant case is more like the circumstances in the first part of the *Vasquez* plaintiff's retaliation claim. The facts alleged by Plaintiff in support of his claim for retaliation in his Complaint are that Defendants terminated him and maligned his work ethic after he "stated his concerns regarding [Defendants'] unlawful requests and violation of [Plaintiff's] rights." (Compl. at 11:¶71.) In his EEOC charge, the closest his statements come to this allegation in the Complaint is the statement that "supervisors requested violate law by taking passengers on longer routes." However, nowhere in the charge does Plaintiff refer to complaints he made regarding this request, nor does Plaintiff refer to his refusal to comply with this request. Therefore, the Court cannot find that Plaintiff's retaliation claim fell within the scope of the EEOC's actual investigation.

Likewise, the Court cannot find that Plaintiff's retaliation claim fell within the scope of an EEOC investigation that could reasonably be expected to have grown out of the charge of age discrimination. An EEOC investigation that could reasonably be expected to have grown out of Plaintiff's charge would not necessarily have included an investigation into Defendants' alleged retaliatory acts, since there was no indication from

the facts stated in the charge that Defendants had retaliated against Plaintiff for engaging in protected activities.

Therefore, for the reasons discussed above, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim for retaliation, and must dismiss it accordingly.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss Fifth Cause of Action – Retaliation (ECF No. 11) is **GRANTED**.

DATED this   4    day of April, 2012.

_____
Gloria M. Navarro
United States District Judge